UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL KEPNEY,

        Petitioner,

v.

UNITED STATES,

        Respondent.

Civil No. 05-1193 (DSD/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that this matter be transferred to the United States District Court for the Northern District of California.

**I. BACKGROUND**

Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota. He is serving a 180-month federal prison sentence that was imposed on February 2, 2004, after he pleaded guilty to a federal criminal offense, (the nature of which is not disclosed in his submissions). Petitioner was charged, convicted and sentenced in the Northern District of California. Based on the limited information provided by Petitioner's submissions, it appears that he has not previously challenged his conviction or sentence by direct appeal, by motion for relief under 28 U.S.C. § 2255, or by any other means. (Petition, [Docket No. 1], p. 2, ¶ 7; p. 3, ¶ 10.)

Petitioner is now challenging his conviction and sentence for the first time,

(apparently), in his present habeas corpus petition. His current claims for relief, repeated verbatim and in their entirety, are as follows:

> "Shepard v. U.S. any past crimes could not affect the current instant offense. Any crime paid for by incarceration, probation or fine has been satisfied and can't be used again. This would result in double jeopardy and abuse my 14th Amendment. Ruling was set forth and made retroactive 3/5/05 by the Supreme Court. Blakely; Booker + Fanfan; had ruled that the guidelines are unconstitutional. Furthermore any evidence had to be in the possession of the defendant. No toxicology report; no drugs no case; accountability."

(Petition, p. 3, ¶ 9.) Although Petitioner's explanation of his claims leaves much to be desired, it is nevertheless evident that he is challenging various rulings by the trial court that pertain to his conviction, and the imposition of his sentence.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his conviction or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Petitioner's current claims for relief can be raised only in a motion brought before the original trial court pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], <u>shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him</u>, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, it is obvious that Petitioner is challenging the validity of his conviction, and the sentence imposed by the trial court, in his federal criminal matter. That being the case, Petitioner's current claims for relief can be raised only in a § 2255 motion brought before the court in which he was convicted and sentenced, unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why Petitioner should not be required to pursue that remedy.[1] Thus, the Court concludes that habeas

---

[1] The Court recognizes, of course, that Petitioner may, in fact, be barred from pursuing a motion for relief under § 2255 for one or more reasons. If, for example, he has already filed a § 2255 motion, he may be barred from filing another such motion without pre-approval from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255 [¶ 8]. His claims might also be barred by the rules governing procedural defaults, (see United States v. Frady, 456 U.S. 152, 164-65 (1982)), or by the one-year statute of limitations that applies to § 2255 motions, (see 28 U.S.C. § 2255 [¶ 6]). However, even if Petitioner is ineligible for relief under § 2255 for any of these reasons, he still could not claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission

corpus relief is not available under § 2241 for Petitioner's current claims.

Although the current petition could properly be dismissed without prejudice for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court has determined that the interests of justice would be better served by transferring this case to the only district that might properly be able to entertain Petitioner's current claims -- namely the Northern District of California.  See 28 U.S.C. §§ 1406(a) and 1631.  It will therefore be recommended that the instant petition be construed to be a motion for relief filed under 28 U.S.C. § 2255, and transferred to the trial court in the Northern District of California.  See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.]  They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

The Court recognizes that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met.  Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2]  First, Petitioner must be warned – and he

---

to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

   [2]  See also Castro, 540 U.S. at 382-83.

hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief. If Petitioner has not included all of his collateral challenges in his current petition, he may want to consider withdrawing or amending his petition, so that he does not lose any of his claims under the rules governing successive § 2255 motions. Id. He should also be mindful of the statute of limitations that applies to § 2255 motions. Id.[3]

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation.[4]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be construed to be a motion to vacate his conviction and sentence pursuant to 28

---

[3] It appears that the one-year statute of limitations established by 28 U.S.C. § 2255 [¶ 6] may have already expired in this case. However, that issue is not properly before the Court at this time.

[4] It may be advisable for Petitioner to withdraw his current petition, and then file a new application for relief under § 2255 in the trial court. Following that course would give Petitioner an opportunity to clarify and amplify his claims. It would behoove him to do that, as it is highly unlikely that any court would grant relief based on Petitioner's current explanation of his claims.

U.S.C. § 2255; and

    2.  The Clerk of Court should be directed to transfer this action to the Northern District of California pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: June 23, 2005

                                          s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 13, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.